UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SYLVESTER TRACKLING (#117085)

VERSUS                                    CIVIL ACTION

SGT. SHANNRY WILLIAMS                     NUMBER 10-343-JVP-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, July 19, 2010.

                                      STEPHEN C. RIEDLINGER
                                      UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SYLVESTER TRACKLING (#117085)

VERSUS                                                CIVIL ACTION

SGT. SHANNRY WILLIAMS                                 NUMBER 10-343-JVP-SCR

### MAGISTRATE JUDGE'S REPORT

This matter is before the court following a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) to determine whether the plaintiff's complaint is frivolous.

### Background and Procedural History

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Sgt. Shannry Williams.  Plaintiff alleged that Williams performed oral sex on him while he was in the shower.

In his complaint, the plaintiff alleged that there is no prisoner grievance procedure at the penitentiary and he did not file an administrative grievance (ARP) regarding the claim made in the complaint.  Contrary to the plaintiff's allegation in part II.A. of his Complaint, there is a prisoner grievance procedure at the penitentiary.  LAC 22:I:325.

Plaintiff has filed six complaints in this court since March 25, 2010, alleging that on six separate occasions four different correctional officers came to his cell in the middle of the night

and asked the plaintiff to allow them to perform a sex act on him.[1] Plaintiff alleged that in each instance he allowed the correctional officer to either masturbate or perform oral sex on him for five to 25 minutes. The only relief sought is that the correctional officers be removed from the plaintiff's housing unit.[2]

### *Spears* Hearing

At the *Spears* hearing, the plaintiff stated that he prepared the complaints and must have been mistaken when he indicated on the complaint forms that administrative remedies are unavailable at the penitentiary and that he did not exhaust administrative remedies regarding the claims raised in the complaint. Plaintiff's explanation regarding his false responses on the complaint forms is not plausible, particularly since the plaintiff admitted that he currently has over 50 administrative grievances pending on backlog.

---

[1] *Trackling v. Wilkinson*, CV 10-196-FJP-DLD; *Trackling v. Williams*, CV 10-197-JJB-DLD; *Trackling v. Howard*, CV 10-198-JVP-SCR; *Trackling v. Howard*, CV 10-244-JVP-SCR; *Trackling v. Small*, CV 10-245-JVP-CN; and *Trackling v. Williams*, CV 10-343-JVP-SCR.

[2] A review of the Investigative Report filed in response to the court's 30 Day Stay Order in *Sylvester Trackling v. Lt. Cornell Howard,* CV 10-198-JVP-SCR, showed that the plaintiff has accused 15 correctional officers from three different shifts of the similar sexual misconduct. Following an internal investigation, all allegations were determined to be unfounded. Record document number 17, pp. 50-52.
   A court may take judicial notice of the record in related proceedings. *Missionary Baptist Foundation of America, Inc. v. Wilson*, 712 F.2d 206 (5th Cir. 1983). The court hereby takes judicial notice of the administrative record filed in CV 10-198-JVP-SCR.

With regard to the alleged sexual encounter, the plaintiff denied that he sustained an injury as a result of the incidents and stated that there are no witnesses to the incidents. Plaintiff stated that after complaining about the alleged incident, he was taken to the medical department where he was visually examined by a physician. Plaintiff complained that no tests were conducted to determine whether he contracted a sexually transmitted disease, but he acknowledged that every year he is given an HIV-Aids test.

## Applicable Law

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

(c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

Subsection (e) of 42 U.S.C. § 1997e provides:

(e) Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

A review of the allegations in the complaint showed that the plaintiff failed to allege that he sustained any physical injury as a result of the alleged incident. At the *Spears* hearing, the plaintiff confirmed that he was not injured and required no medical

treatment as a result of the alleged sexual encounter.[3]

### RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed pursuant to 42 U.S.C. § 1997e(e).

Baton Rouge, Louisiana, July 19, 2010.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff's allegation at the *Spears* hearing, which shall be construed as an amendment to the complaint, that he did not receive medical testing for a communicable disease following the alleged sexual encounter is insufficient to state a claim against this defendant. Sgt. Williams cannot be held liable for the actions of the plaintiff's treating physician. Moreover, the plaintiff's dissatisfaction with the medical treatment rendered does not rise to the level of a constitutional violation.
    To prevail on an Eighth Amendment claim for deprivation of medical care a prisoner must prove that the care was denied and that the denial constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976); *Johnson v. Treen*, 759 F.2d 1236 (5th Cir. 1985). Whether the plaintiff received the treatment he felt he should have is not the issue. *Estelle v. Gamble*, supra; *Woodall v. Foti*, 648 F.2d 268 (5th Cir. 1981). Unsuccessful medical treatment does not give rise to a Section 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320 (5th Cir. 1991), *Johnson v. Treen, supra*. Negligence, neglect or medical malpractice does not rise to the level of a constitutional violation. *Varnado, supra*.